# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BARBARA ANN DECKER,**

        **Petitioner,**

**v.**                                            **Civil Action No. 2:08cv97**
                                                   **Criminal Action No. 2:06cr31-1**
                                                   **(Judge Maxwell)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On September 12, 2008, petitioner, through counsel, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Dkt.# 58).[1] On October 8, 2008, the undersigned determined that summary dismissal of the petition was not warranted and the respondent was directed to file an answer. (Dkt.# 60). On October 9, 2008, petitioner filed a Motion to Amend 28 U.S.C. § 2255 Motion. (Dkt.# 61). That motion was granted by Order entered on October 9, 2008. (Dkt.# 63).[2] Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 was filed on October 17, 2008. (Dkt.# 64). The United States filed a response to the § 2255 petition on October 23, 2008. (Dkt.# 65). The petitioner did not file a reply.

This case is before the undersigned for a preliminary review and Report and Recommendation pursuant to Standing Order No. 4 and LR PL P 83.15, *et seq*.

---

[1] The original § 2255 motion was terminated on May 8, 2009, in favor of the amended version later filed.

[2] The Order specified that the respondent's answer should address only those portions of the original § 2255 motion which addressed errors other than claims of ineffective assistance of counsel.

## I. Procedural History

### A. Conviction and Sentence

On October 18, 2006, petitioner and one other individual were named by a federal grand jury in a nine count indictment with a forfeiture allegation. (Dkt.# 1). Petitioner was specifically named in all nine counts of the indictment. On December 11, 2006, petitioner signed a plea agreement in which she agreed to plead guilty to Count 3 of the indictment, distribution of 2.6 grams of cocaine hydrochloride, in violation of Title 21, U.S.C. Section 841(a)(1), and forfeit a certain piece of real estate, in exchange for the dismissal of the other charges. In the plea agreement, the parties stipulated and agreed that petitioner's total drug relevant was between 400 and 500 grams of cocaine hydrochloride, and that petitioner occupied neither an aggravating nor mitigating role in the offenses alleged in the indictment. Petitioner did not waive her right to appeal and/or to collaterally attack her sentence.

On December 20, 2006, petitioner, then 31 years old, with a high school diploma and some recently-earned college credits, entered her plea in open court. (Dkt.# 66 at 6). During the plea hearing, the Assistant U.S. Attorney read aloud or summarized in open court each paragraph of the plea agreement. The Court informed petitioner that the maximum sentence for the crime which she was pleading could be no more than twenty years imprisonment (Id. at 8 and 22), but that the ultimate sentence could be greater than that estimated by her counsel; petitioner indicated that she understood. (Id. at 24). The Court specifically asked petitioner whether she understood that the length of her sentence could not be determined by anyone at that time, and that no one would be able to predict what her sentence would be until the Pre-Sentence Report (PSR) was completed at a later date, and petitioner said that she understood. (Id. at 22 and 35). The Court then summarized all the

rights that petitioner was giving up by pleading guilty. (Id. at 19 - 21). During the plea hearing, the Government presented the testimony of Investigator Jeremy Taylor of the Potomac Highland Drug & Violent Crimes Task Force to establish the factual basis for the plea. (Id. at 27- 35). Petitioner did not contest the factual basis for the plea.

After the factual basis for the plea was presented, the Court asked petitioner if her plea was the result of any threat, coercion or harassment of any kind, and petitioner denied that it was. (Id. at 34). The Court asked petitioner if her plea was the result of any promise or inducement, not contained within the plea agreement, and petitioner denied that it was. (Id.). The Court then asked petitioner if her lawyer had done a good job representing her and she responded "[y]es, Your Honor, he has." (Id. at 35). The Court further asked petitioner whether she thought that her lawyer left any thing undone that she thought should have been done on her behalf and petitioner stated "[n]o, Your Honor, he hasn't." (Id.). The Court then accepted petitioner's plea of guilt to Count 3 of the indictment. (Id. at 36). At the conclusion of the hearing, the Court determined that petitioner's plea was made freely and voluntarily with full understanding of its consequences. (Id. at 36 and 37). Petitioner did not object to the Court's finding.

On August 15, 2007, petitioner appeared before the court for sentencing. Petitioner was found to have a base offense level of 24 which, after a three-level reduction for acceptance of responsibility, gave her total offense level of 21, resulting in an applicable guideline sentence range of 41 to 51 months. (Dkt.# 62 at 4 - 5). Upon motion of the Government, an additional one-level reduction was granted, for "super" acceptance of responsibility. (Id. at 5). Neither counsel had any objections to the guideline findings in the PSR. Petitioner's counsel then presented his argument in favor of a reduced variant sentence pursuant to Title 18, U.S.C. § 3553(a), briefed in his

sentencing memorandum. (Id. at 6-7). The Government responded, opposing defense counsel's request for a variant sentence, arguing that petitioner's public humiliation was no justification for a variant sentence, and asked the court to impose a guideline sentence. (Id. at 8 - 9). Taking all relevant information into account, including petitioner's drug history and medical problems, and commending her wise choice in enlisting the support of her own mother to look after her young children while she was involved in "unhealthy associations" and narcotics, the Court imposed a forty-one month sentence, the minium term of the Guideline range. (Id. at 10-11). The Court commented that it did not believe that a twenty-year term of imprisonment would be beneficial to petitioner and that "we are backing away from that for your benefit, for your redemption, for your helping your children, for your helping your mother and you are helping yourself." (Id. at 11 - 12).

**B.   Direct Appeal**

Petitioner did not file a direct appeal.

**C.   Federal Habeas Corpus**

**Petitioners' Contentions (Dkt.# 64)[3]**

In her amended federal habeas petition,[4] the petitioner raises the following grounds for relief:

(1) Her sentence was imposed in violation of the Constitution and laws of the United States as it did not meet the standards set forth in U.S. v. Booker, 543 U.S. 220 (2005) because:

(a) the sentence was procedurally unreasonable; the Court erroneously believed it did not

---

[3]Petitioner's original Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 was filed on September 12, 2008 as Dkt.# 58. That motion was terminated in favor of the present, amended motion.

[4]Petitioner's amended § 2255 petition withdrew the ineffective assistance of counsel allegations made in her original petition, as they were not 'well-founded;' accordingly, they are not addressed here.

have the discretion to impose a sentence below the bottom of the guideline range and further, it failed to adequately explain its rejection of the non-frivolous Section 3553(a) factors petitioner offered; and

(b) petitioner's sentence was substantively unreasonable because a 41-month sentence is greater than is necessary to meet the statutory sentencing goals.

**Government's Response (Dkt.# 65)**

In its response, the government answers the petitioner's claims as follows:

(1) Despite the fact that there was no appellate waiver in petitioner's plea agreement, petitioner, presumably willfully, since she made no allegation of ineffective assistance against her counsel for not filing a notice of appeal for her, opted not to file a direct appeal of her sentence.

(2) Generally, non-constitutional claims that could have been raised on direct appeal but were not, may not be raised in a collateral proceeding under § 2255. Petitioner's § 2255 claims were available to her at the time of sentencing and thus could have been the subject of a timely direct appeal.

(3) Claims that a District Court misapplied the sentencing guidelines generally are not cognizable in a § 2255 proceeding because such claims do not typically involve a miscarriage of justice.

(4) When a defendant fails to raise an objection to a constitutional error at trial and on direct appeal, that objection is waived for § 2255 purposes unless the defendant can show 'cause' to excuse her double procedural default and 'actual prejudice' resulting from the errors of which she claims. This cause and prejudice standard applies to collateral challenges to unappealed guilty pleas as well.

Accordingly, regardless of whether petitioner has a valid Booker claim, it is waived it if petitioner cannot satisfy the 'cause' and 'actual prejudice' standard.

(5) It is the defendant's burden to prove that errors at sentencing worked to her actual and substantial disadvantage, and petitioner has failed to meet that burden.

(6) Petitioner's § 2255 motion should be dismissed.

The petitioner did not file a reply to the Government's response.

## II.   Analysis

### A.   Burden of Proof

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va Jan. 4, 2006).

### B.   Procedurally Defaulted Claims

"[A] final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). Therefore, the failure to raise a claim on direct appeal may result in a procedural default barring collateral review. Bousley v. United States, 523 U.S. 614 (1998).

"In order to collaterally attack a conviction or sentence based upon errors that could have

been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-493 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. Actual prejudice is then shown by demonstrating that the error worked to petitioners' "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).

"In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." Id. at 494. The petitioner must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298 (1995).

Here, petitioner, for whatever reason, and despite having preserved her right to do so, opted not to file a direct appeal. It is well settled that non-constitutional issues that could have been raised on direct appeal but were not may not be raised in a collateral attack such as a § 2255 motion. Sunal v. Large, 332 U.S. 174, 178-79 (1947); Bousley v. United States, 523 U.S. 614 (1998). Constitutional errors that were capable of being raised on direct appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses her procedural

7

default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). In establishing "prejudice," the petitioner must show the error worked to her "actual and substantial disadvantage," rather than merely created a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). In the alternative to establishing "cause" and "prejudice," the petitioner may demonstrate "actual innocence," or that "it is more likely than not, in light of all the evidence, that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 621 (1998). In such an event, the court should issue a writ of habeas corpus to prevent a "miscarriage of justice," regardless of whether the issue was procedurally defaulted. Hurdle v. United States, 2007 U.S. Dist. LEXIS 37709, at *6-7 (E.D. Va. May 22, 2007) (relying on Schlup v. Delo, 513 U.S. 298 (1995). Finally, issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976).

Petitioner's Ground 1(a) claim is that her sentence of 41 months imprisonment is procedurally unreasonable, because the Court erroneously believed that it lacked discretion to impose a sentence departing or varying from the guidelines, and that the Court failed to adequately explain its rejection of the non-frivolous Section 3553(a) factors petitioner offered. The Court construes petitioner's attack on the reasonableness of her sentence as a claim her sentence failed to comply with 18 U.S.C. § 3553.[5] In Booker, 543 U.S. at 220, the Supreme Court excised the

---

[5] 18 U.S.C. § 3553(a) provides, in part, "Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider:
    1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    2) the need for the sentence imposed-
        A) to reflect the seriousness of the offense, to promote respect for the law, and to
      provide just punishment for the offense;
        B) to afford adequate deterrence to criminal conduct;

provisions of the Sentencing Reform Act that <u>mandated</u> sentencing in conformance with the guidelines and rendered the Guidelines merely advisory. District courts, however, were not given unbridled discretion in sentencing. Rather, they were instructed they must still "consult those Guidelines and take them into account when sentencing." <u>Id.</u> at 767. District courts - post-<u>Booker</u> - must also adhere to the commands of 18 U.S.C. § 3553. <u>See</u> <u>United States v. Green</u>, 436 F.3d 449, 455 (4th Cir. 2006).

Sentences imposed by district courts under the above standards are reviewed for unreasonableness. <u>Booker</u>, at 543 U.S. at 261. While sentences falling within a properly calculated guideline range are presumed reasonable,[6] <u>United States v. Moreland</u>, 437 F.3d 424, 433 (4th Cir. 2006), <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 379 (4th Cir. 2006), the ultimate determination of reasonableness rests on whether the sentence was guided by the Sentencing Guidelines and the provisions of § 3553(a). <u>Green</u>, 436 F.3d at 456. So long as the sentence was "selected pursuant to a reasoned process in accordance with the law, in which the court did not give excessive weight to any relevant factor, and which effected a fair and just result in light of the relevant facts and law," the sentence will be deemed reasonable. <u>Id</u>. at 457. A petitioner may rebut

---

        C) to protect the public from further crimes of the defendant; and
        D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
    3) the kind of sentences available;
    4) the kinds of sentence and the sentencing range established [by the Sentencing Guidelines];
    5) any pertinent policy statement [issued by the Sentencing Commission];
    6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
    7) the need to provide restitution to any victims of the offense."

[6] Such a sentence is presumed reasonable due to 1) the legislative and administrative process by which the Guidelines were created, 2) the incorporation into the Guidelines of the factors listed in 18 U.S.C. § 3553(a), and 3) the individualized facts relied on in sentencing combined with a petitioner's opportunity to object to those facts. <u>United States v. Johnson</u>, 445 F.3d 339 (4th Cir. 2006).

the presumption of reasonableness only by demonstrating her sentence is unreasonable "when measured against the § 3553(a) factors." United States v. Mykytiuk, 415 F.3d 606, 608 (7th Cir. 2005); see, also, Moreland, 437 F.3d at 433.

In the present case, petitioner's sentence was within the properly calculated Guideline range of 41 - 51 months and is therefore presumed reasonable. See Johnson, 445 F.3d at 339. Contrary to petitioner's § 2255 claims, the Court did indeed consider the mitigating factors listed in § 3553(a), when it reviewed the sentencing memorandums of both parties prior to the sentencing hearing, and then again, after hearing counsels' arguments for and against a variant sentence at the sentencing hearing. The Court was well aware of petitioner's husband's incarceration, as well as the humiliation it and petitioner's own crimes had engendered. At the time of sentencing, the Court had available to it the PSR fully describing petitioner's life situation circumstances. Further, at the sentencing hearing, the Court specifically commented on numerous details of petitioner's difficult early background, her later drug addiction, health problems, efforts at rehabilitation and opportunities to redeem herself, her responsibility for three young children, and petitioner's own mother's not inconsiderable support to petitioner and her children during petitioner's prolonged periods of instability. (Dkt.# 62 at 10). The Court is not required to "robotically tick through every factor" enumerated in Title 18 U.S.C. 3553(a) before imposing a sentence. United States v. Eura, 440 F.3d 625, 631- 632 (4th Cir. 2006), as many of those statutory factors are already "built into the Sentencing Guidelines." United States v. Johnson, 445 F.3d 339, 343, 345 (4th Cir. 2006). Likewise, at the time of petitioner's sentencing, almost two years post-Booker, the Court was well aware that the guideline findings were, pursuant to Booker, advisory and no longer mandatory, and that it could also consider the factors set forth in Title 18 U.S.C., § 3553(a) in sentencing petitioner.

(Id. at 6).

Before sentencing petitioner to the lowest possible end of the applicable Guideline range, the Court noted that "after considering the sentencing factors in Title 18 U.S.C., § 3553(a), as has been requested by counsel, the Court finds the Guideline range, as found by the Court, provides an appropriate sentence for this Defendant." (Id. at 11). Petitioner's counsel filed no objections to the PSR or its guideline recommendations at the time of sentencing, and petitioner waived her right to allocution. Nor did she directly appeal this issue, despite having preserved her right to do so. Petitioner's allegation the Court did not believe it had the discretion to impose a sentence below the minimum guideline range or that it failed to consider the mitigating § 3553 factors is self-serving, lacks merit, and is without support in the record. See Mykytiuk, 415 F.3d at 608. Not only has petitioner failed to rebut the presumption that her sentence is reasonable, but she has not even attempted to proffer any cause, external to herself, excusing her failure to raise this issue on direct appeal. Since she has not shown cause, she cannot prove prejudice. Accordingly, petitioner is procedurally barred from raising this claim.

**C.     Claims Not Cognizable in a § 2255 Motion**

Petitioner's Ground 1(b) claim that her sentence was substantively unreasonable because her 41-month sentence was greater than is necessary to meet the statutory sentencing goals may not be raised in a § 2255 motion. A claim not attacking the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a "miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979). Because an alleged misapplication of statutory sentencing requirements - 18 U.S.C. § 3553 - does not constitute a miscarriage of justice, United States v. Mikalajunas, 186 F.3d 490 (4th Cir. 1999), petitioner's claim

11

is barred. See Stewart v. United States, 2006 U.S. Dist. LEXIS 54553 at *13-14 (E.D. Va. July 21, 2006).

### III. Conclusion

For the reasons set forth in this opinion, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion and **DISMISSING** this case with prejudice.

Within fourteen (14) days after being served with a copy of this Recommendation, any party shall file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to petitioner's counsel and to counsel of record both by email and hard copy.

DATED: February 2, 2010.

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE